HART v. MAYOR, ETC., OF CITY OF NEW YORK et al.

(Supreme Court, Appellate Division, First Department.    April 9, 1897.)

TAXPAYERS' ACTION—WASTE OF PUBLIC FUNDS.

A waste of public property is not effected by a resolution of the New York dock department granting merely a license to construct a street railroad on a certain street, but not purporting to grant any franchise, and therefore such resolution is not the subject of a taxpayer's action.   Code Civ. Proc. § 1925.

Appeal from special term, New York county.

Action by George S. Hart against the mayor of the city of New York and another, brought under Code Civ. Proc. § 1925, as amended by Laws 1892, c. 524, attacking as unauthorized and illegal a resolution of the dock department of New York City granting permission to the Metropolitan Street-Railway Company to lay a railroad track across the bulkhead from West street to the ferry house at the foot of Christopher street.   From a judgment entered on a decision dismissing the complaint, and from an order granting an extra allowance, plaintiff appeals.   Affirmed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, and INGRAHAM, JJ.

George Hoadly, for appellant.

S. B. Clarke, for respondents.

WILLIAMS, J.    The action was brought by a taxpayer of the city of New York, attacking the resolution by the dock department granting a license to the Metropolitan Street-Railway Company to lay a railroad track from West street to the ferry house at the foot of Christopher street, upon the payment of $100 per annum and all expenses attendant upon the work.    The court, by its decision, dismissed the complaint upon the merits, upon the ground that the resolution granted no franchise, and there was no proof of any waste of municipal estate or property.    The court also granted an extra allowance of costs to the defendant railroad company of $1,000.    It is apparent that the resolutions in question granted no franchise, and did not assume to do so.    The defendant railway company claimed that its original franchise authorized it to construct and operate this extension of its road, and all it asked for and all it obtained from the dock department was a mere license and consent that it might go on and construct the road over the reclaimed property, which was under the immediate charge of the dock department.    It is quite clear that, if the defendant railroad company was correct in its claim as to its rights under its original franchise, there would be in this license no waste of municipal estate or property.    It would be proper to grant the license, and, if refused, it might be compelled.    The dock department could not, by refusing the license, prevent the defendant railroad company from constructing and operating the road. If, on the other hand, the defendant railroad company had no right, under its original franchise, to construct and operate the road, then it could acquire no right to construct it by or under the resolution in question.    The resolution did not purport to grant any franchise.

The dock department had no power to do so.    It was merely a revocable license, which could not operate in any way to waste municipal estate or property.    We have held at the present term, in an action between two railroad companies, the defendant and the Central Crosstown Railroad Company (44 N. Y. S. 752), that the defendant railway company had no original franchise or right to construct and operate the road in question, and that this resolution of the dock department gave the company no right or franchise to construct the same, and that the defendant railway company should be restrained from constructing or operating the road.    It seems to us, in any view of the case, there could be no waste of the municipal estate or property, and that the complaint was therefore properly dismissed.    We do not feel inclined to interfere with the discretion exercised by the learned trial judge in granting an extra allowance. The case was evidently both difficult and extraordinary, and we cannot say the allowance was too large.    The same questions were involved in this case as in the Crosstown Railroad Case, and the allowance in the two cases was the same.    The attorneys for the plaintiff in this case object to the same allowance here which they, as attorneys for the plaintiff in the other case, claimed to be entitled to.

The judgment and order appealed from should be affirmed, with costs.    All concur.